## UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

**IRVIN N. HOYT**

BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

May 4, 2005

Ronald J. Hall, Esq.
Counsel for American Prairie Construction Company
202 South Main Street, Suite 310
Aberdeen, South Dakota  57402

Jerrold L. Strasheim, Esq.
Counsel for Tri-State Financial, L.L.C.
1500 Woodmen Tower
Omaha, Nebraska  68102

David L. Nadolski, Esq.
Counsel for Tri-State Corn Processors Cooperative
Post Office Box 1920
Sioux Falls, South Dakota  57101

  Subjects: *In re Tri-State Ethanol Company, L.L.C.,*
     Chapter 7, Bankr. No. 03-10194

     *Lovald v. Tri-State Financial, L.L.C.*
     *(In re Tri-State Ethanol Company, L.L.C.),*
     Adversary Proceeding No. 05-1006

Dear Counsel:

  The matters before the Court are the motions to intervene filed by American Prairie Construction Company in both the above-named case and adversary proceeding, the response filed by Trustee John S. Lovald, the response filed by Tri-State Financial, L.L.C., and the joinder to Tri-State Financial, L.L.C.'s response filed by Tri-State Corn Processors Cooperative. These are core matters under 11 U.S.C. § 157(b)(2). This letter decision shall constitute the Court's findings and conclusions in both the main case and adversary proceeding under Fed.Rs.Bankr.P. 7052 and 9014(c). As set forth below, the motions to intervene will be denied.

  *Summary.* An evidentiary hearing on two pending matters has been set in the Chapter 7 case of Tri-State Ethanol Company, L.L.C. ("Debtor") for May 11 and 12, 2005. The pending matters are Tri-State Financial, L.L.C.'s ("Tri-State Financial's") January 25, 2005, administrative expense request and Trustee John S. Lovald's

Re:  Tri-State Ethanol
May 4, 2005
Page 2

March 21, 2005, objection to Tri-State Financial's proof of claim. Both contested matters deal with Tri-State Financial's claims against the bankruptcy estate for certain post-petition, pre-conversion sums it advanced to or on behalf of Debtor in connection with construction at Debtor's ethanol plant. Also to be held jointly on May 11 and 12, 2005, is a trial in Adversary Proceeding No. 05-1006. Therein, Plaintiff-Trustee Lovald has sought a determination that the post-petition, pre-conversion loans or advances made by Defendant Tri-State Financial were actually additional contributions of equity to Debtor. Alternatively, Plaintiff-Trustee Lovald has requested that Tri-State Financial's claim for these loans or advances be subordinated to secured claims, administrative expenses, and unsecured claims. In the adversary, Tri-State Financial counterclaimed seeking payment of these loans or advances on an equitable or quantum meruit basis.[1]

American Prairie Construction Company, formerly known as North Central Construction, Inc., ("American Prairie") is an equity holder in Debtor. It moved to intervene in the two contested matters and the adversary proceeding. Since any payments to Tri-State Financial on its construction claim will reduce any residual in the bankruptcy estate that may be returned to Debtor after creditors' claims are paid, American Prairie wants to protect its equity interest by joining in the litigation to determine how Tri-State Financial's construction claim will be paid, if at all, and in what amount, if any. American Prairie claims its intervention in the adversary proceeding is appropriate both under Fed.R.Bankr.P. 7024(a) (intervention of right) and under Rule 7024(b) (permissive intervention). It claims its intervention in the contested matters is appropriate under Fed.R.Bankr.P. 2018(a) (permissive intervention).

Tri-State Financial objected to American Prairie's motions to intervene, and Tri-State Corn Processors Cooperative joined in those objections.[2] In its objection, Tri-State Financial admitted that it has been at great odds with American Prairie over each

---

[1] Hereafter, these contested matters and the adversary proceeding are collectively referred to as Tri-State Financial's "construction claim."

[2] Tri-State Corn Processors Cooperative filed a joinder in the adversary proceeding although it is not a party to that adversary proceeding.

Re:  Tri-State Ethanol
May 4, 2005
Page 3

other's claims, but it argued that Trustee Lovald can adequately represent Debtor in these matters. Tri-State Financial also disputed that American Prairie is a necessary party, and it argued no one has yet established that the bankruptcy estate will have surplus funds to return to Debtor. Tri-State Financial also requested a continuance of the evidentiary hearing/trial if American Prairie is allowed to intervene.

In his response, Trustee Lovald also said American Prairie was not a necessary party and did not have a right to intervene because he was only seeking a determination of Tri-State Financial's claim against the bankruptcy estate. He left it to the Court to determine whether permissive intervention was appropriate. Trustee Lovald also stated in his response,

> American Prairie Construction Co. may misapprehend the purpose of the Trustee's actions herein. The Trustee does not seek to create additional equity, or additional classes of equity. Further, it is neither the Trustee's intention nor duty to determine the relative rights of American Prairie Construction Co. and Tri-State Financial with regard to their equity interests in the Debtor herein. To the extent the Trustee seeks to recharacterize the alleged "loans" made by Tri-State Financial to the Debtor as equity, such recharacterization is solely for the purpose of determining whether, if at all, payments should be made by the Trustee from assets in his hands to Tri-State Financial by virtue of such transactions.

The matter was taken under advisement.

*Discussion - mandatory intervention in the adversary proceeding.* A party seeking mandatory intervention under Fed.R.Bankr.P. 7024 and Fed.R.Civ.P. 24(a) must establish that:

> (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties.

*South Dakota v. United States Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003)(citing *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997)). All three conditions must be satisfied. *Id.* Further, while a proposed intervenor typically has only a minimal

Re:  Tri-State Ethanol
May 4, 2005
Page 4

burden to show that its interests are not adequately represented by the existing parties, that burden becomes heavier when a party already in the suit has an obligation to represent the interests that the intervenor wants protected. *Id.* (cites therein).

Here, there is little dispute that American Prairie, as an equity holder in Debtor, wants to insure that claims against the bankruptcy estate are minimized so that any residual therein is maximized. There is no dispute that if Tri-State Financial's construction claim is allowed in some form against the bankruptcy estate, the residual will be minimized, if not eliminated entirely. Thus, the first two conditions for mandatory intervention have been established.

The third condition has not been established, however, especially now that Trustee Lovald has clarified that he does not intend, through his objection to Tri-State Financial's claim or through the adversary proceeding, to alter the equity positions in Debtor. Trustee Lovald, in fulfillment of his several duties under 11 U.S.C. § 704, will insure that Tri-State Financial's construction claim is paid only in the appropriate amount and only in the appropriate order of priority. Thus, he will also insure that any residual in the bankruptcy estate for Debtor and its equity holders, including American Prairie, is as large as possible.

*Discussion - permissive intervention in the adversary proceeding.* Under Fed.R.Bankr.P. 7024 and Fed.R.Civ.P. 24(b), the court may grant a party's request to intervene in an action "when an applicant's claim or defense and the main action have a question of law or fact in common . . . ." The Rule directs the Court to consider whether the intervention will "unduly delay or prejudice the adjudication of the rights of the original parties." Whether permissive intervention is granted is wholly discretionary with the Court, even if there is a common question of law or fact. *South Dakota v. United States Dept. of Interior*, 317 F.3d at 787. The main consideration is whether there is the potential for delay or prejudice; whether the proposed intervenor's interests are otherwise adequately protected is only a minor variable. *Id.*

If Trustee Lovald intended through his adversary complaint to alter the equity positions in Debtor, the Court would certainly allow American Prairie and other equity holders to intervene to protect themselves, especially where Debtor has not been an active,

independent entity since its case converted to Chapter 7. That intervention, however, would delay both the trial in the adversary and the evidentiary hearings in the companion contested matters in the main case. A delay in the trial and the evidentiary hearings would also delay any payment of Tri-State Financial's and other creditors' claims. Trustee Lovald, however, has now clarified that he is not seeking any alteration in the status of the equity claims against Debtor. That fight, if necessary, can be left for another day, and perhaps for another court. Accordingly, this Court declines to allow American Prairie to permissively intervene in the adversary proceeding.

*Discussion - intervention in the contested matters*. Rule 2018(a) of the Federal Rules of Bankruptcy Procedure provides that a Bankruptcy Court may allow an "interested entity" to intervene generally or in a specific matter "for cause shown." The rule provides a mechanism for an entity that is not technically a party in interest to participate in a contested matter if such participation is necessary to protect that entity's interests. *Southern Blvd., Inc., v. Martin Paint Stores (In re Martin Paint Stores)*, 207 B.R. 57, 62 (Bankr. S.D.N.Y. 1997); *In re Lynott*, 193 B.R. 882, 886 (Bankr. E.D. Wisc. 1996). The requisite cause may include protection of an economic interest. *Hasso v. Mozsgai (In re La Sierra Financial Services, Inc.)*, 290 B.R. 718, 728 (B.A.P. 9th Cir. 2002); *Lynott*, 193 B.R. at 886. The factors a court should consider under Rule 2018(a)

> include whether intervention would result in undue delay or prejudice, and whether the proposed intervenor's interests are adequately represented by a party already present in the case.

*Southern Blvd.*, 207 B.R. at 62 (cites therein); see *Lynott*, 193 B.R. at 886.

As discussed above regarding the application of Rule 24, an intervention by American Prairie at this time would necessitate a delay in the scheduled trial and evidentiary hearings and thus a delay in Trustee Lovald's payment of claims. More importantly, however, the Court is satisfied that Trustee Lovald will insure that Tri-State Financial's construction claim against the bankruptcy estate is paid only in an appropriate amount and only in an appropriate priority as it relates to other claims. Accordingly, American Prairie's motion to intervene regarding Tri-

Re:  Tri-State Ethanol
May 4, 2005
Page 6


State Financial's administrative expense request and Trustee Lovald's objection to Tri-State Financial's proof of claim will also be denied.

Appropriate orders will be entered in the main case and adversary proceeding.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC: case file (docket original and serve parties in interest)
    adversary file (docket second original and serve parties in interest)

**NOTICE OF ENTRY**
Under F.R.Bankr.P. 9022(a)
**Entered**

**MAY 0 4 2005**

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

**MAY 0 4 2005**

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

Ronald J. Hall
202 S. Main Street #310
Aberdeen, SD 57401


Robert E. Hayes
PO Box 1030
Sioux Falls, SD 57101-1030


John S. Lovald
Box 66
Pierre, SD 57501


David L. Nadolski
PO Box 1920
Sioux Falls, SD 57101-3020


Terry N. Prendergast
PO Box 1728
Sioux Falls, SD 57101-1728


Jerrold L. Strasheim
1500 Woodmen Tower
Omaha, NE 68102


Tri-State Financial, LLC
6534 "L" Street
Omaha, NE 68117